█ In the Matter of the Claim of FRANCES KUTNER, Respondent, v. RUTNER FOOTWEAR, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board discharging the Special Disability Fund from liability on the grounds that decedent was not employed or continued in employment with knowledge of a permanent physical impairment within the meaning of subdivision 8 of section 15 of the Workmen's Compensation Law. Appellants contend on appeal that the record does not substantiate the board's finding that decedent, who was president of the employer, did not have knowledge that he was suffering from a permanent circulatory disturbance prior to his injury in 1957. Such a finding is, of course, a factual determination and as such can only be disturbed if the record does not contain substantial evidence in support thereof. The record reveals that decedent first discovered he was suffering from a peripheral vascular condition in 1950 when he went to a Dr. Cooper with complaints of cramps while walking. Dr. Cooper at that time advised him to stop smoking and return in 30 days. Decedent did neither. In February of 1956 he returned to Dr. Cooper complaining of severe pain as well as numbness and coldness in both legs. Dr. Cooper testified he became alarmed when decedent told him he suffered these symptoms while in bed, a terminal symptom, but there is no evidence that such alarm was transmitted to decedent. In March of 1956 decedent underwent a bilateral lumbar sympathectomy after which there was only slight improvement. After the operation decedent returned to work and despite renewed warnings continued smoking. In September, 1957, while descending a ladder with a pair of shoes, decedent scraped his right shin bone; ulcers which

would not heal developed, and in April, 1958 a mid-thigh amputation was necessary. Decedent died in August, 1959 of unrelated causes. There is no question of causal relation or the merit of the award. While the medical evidence indicates decedent's condition became progressively worse, decedent in his testimony indicated he was not aware of the permanence of his condition. In addition he continued working at his store as a salesman from 9:00 A.M. to 8:00 P.M. six days a week until December 21, 1957, and he never desisted in his smoking. While it is true that such actions alone are ambivalent in that they might show a disregard of his condition rather than an unawareness thereof, they must, of course, be viewed in light of decedent's testimony concerning his awareness of the permanence of his condtion. It is undisputed that Dr. Cooper never told decedent of the seriousness of his condition. The fact that decedent might have perceived such to be the case from the fact that his condition got progressively worse from 1950 to 1956 or that there was no marked improvement after the 1956 operation is purely conjectural in view of decedent's testimony. Accordingly, we find that the present record contains substantial evidence to support the board's determination. Decision unanimously affirmed, with costs to the Special Disability Fund. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.